# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **VICTOR S. VICENTE,** § | |
| *Plaintiff,* § | |
| § | |
| VS. § | **CIVIL ACTION NO.:** |
| § | |
| **KRAFT HEINZ FOODS COMPANY,** § | |
| *Defendant.* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, VICTOR S. VICENTE, hereinafter referred to as "Plaintiff", complaining of **KRAFT HEINZ FOODS COMPANY,** hereinafter referred to as "Defendant", and for causes of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends to conduct discovery under Level 3 of the TEXAS RULES OF CIVIL PROCEDURE 190.4 because the suit involves Plaintiff's monetary relief totaling more than $1,000,000.00 including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees.

### PARTIES AND SERVICE

2. Plaintiff Victor S. Vicente is an individual and resident of Garland, Dallas County, Texas. The last three digits of his Texas Driver's license are 917 and the last three digits of his Social Security number are 371.

3. Defendant **KRAFT HEINZ FOODS COMPANY** is a Foreign For-Profit Company, incorporated under the laws of the Commonwealth of Pennsylvania, and whose

principal offices are located in Pittsburgh, Pennsylvania, and which owns and operates a Texas food processing facility located at: **2340 Forest Lane, Garland, Dallas County, Texas, 75042**. Defendant can be served by serving its **Registered Agent**, C.T. Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3616, by private service.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different states, and the amount in controversy in this matter exceeds $75,000.00, excluding interest and costs.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391(b)(2), as the event giving rise to this claim occurred in the Northern District of Texas. Furthermore, subject to §1391(c)(2), the Defendant's place of business where Plaintiff was employed at the time of the incident in question, and where the incident occurred, is located in the Northern District of Texas.

## FACTS

6. On or about **April 6, 2022**, Plaintiff Victor Vicente was an employee at the Kraft Heinz Foods Company distribution center located at 2340 Forest Lane, Garland, Texas 75042. His job duties related to the operation of forklifts. On the date in question, Mr. Vicente was driving a pallet of products with a forklift when the wheels appeared to lose purchase, such as by driving upon some slippery substance, so that when the wheels regained their grip, the forklift unexpectedly jerked quickly forward. This caused Mr. Vicente to lose his balance, and for him to briefly lose control of the forklift. He sought to place one of his feet upon the floor to avoid falling from the forklift, but his foot was thereafter crushed between the forklift and a rack guard, resulting in severe injuries which ultimately required amputation.

## CAUSES OF ACTION

7. Plaintiff would show that Defendant, as Plaintiff's employer, owed him a duty to provide a safe workplace, and that said duty is the same as that generally provided to invitees of a business under Texas law. As such, **Kraft Heinz Food Company** owed Plaintiff a premises-liability duty. Plaintiff asserts that Defendant breached this duty as described more fully below:

   a. In the failure of fellow employees to warn Plaintiff of the slippery floor at issue;

   b. In the failure of fellow employees to take such precautions as necessary to ensure that slippery substances not be spilled onto the workplace floors, and/or to clean up or otherwise removes such slippery substances in a timely manner;

   c. In the failure of fellow employees to inspect the floors to locate any hazardous conditions such as that encountered by Plaintiff;

   d. In the failure of **Kraft Heinz Food Company** to have a safety protocol in place such that employees were required to undertake inspections of the premises as would located hazardous conditions such as that at issue in a reasonably timely manner;

   e. Other acts of negligence.

Plaintiff sustained serious and permanent injuries as a direct and proximate result of the negligent actions and/or omissions of the Defendant, as noted above.

8. Based upon the above and foregoing, Defendant was negligent by allowing an unreasonably dangerous condition to exist, such that it was readily foreseeable that an employee like Plaintiff could be injured if they encountered the slippery condition of the floor in question.

9. Defendant further failed to provide adequate warnings to its employees in that general vicinity, and further, failed to take adequate precautions to prevent the occurrence of such hazardous condition. Plaintiff says that such condition, as evidenced by the incident in question, posed an unreasonable risk of harm to Defendant's employees in general and to Plaintiff in particular. Defendant had either actual awareness of this unreasonably dangerous and unsafe condition, or by the exercise of reasonable care, the Defendant should have known of the unsafe

and unreasonably dangerous condition, and yet Defendant failed to take corrective action so as to protect the physical safety of its employees such as Plaintiff.

## NEGLIGENCE: NON-SUBSCRIBING EMPLOYER

10. On the day in question, Defendant, **Kraft Heinz Food Company**, Plaintiff's employer, was a non-subscriber as that term is used under the Texas Workers' Compensation Act, in that **Kraft Heinz Food Company** did not carry a policy of worker's compensation insurance on the Plaintiff, and yet hired him and made use of his services as an employee. Under the provisions of §406.033, Texas Labor Code, **Kraft Heinz Food Company** is barred from asserting a defense based on contributory negligence, assumption of the risks, or negligence of your fellow employee.

## AGENCY & RESPONDEAT SUPERIOR

11. At all relevant times, the Defendant was operating in the course and scope of his employment with Defendant. At all relevant times, Plaintiff's co-workers, managers, and other workers present were employees or under the control of Defendant and acting within the scope of such employment. Under the doctrines of agency and Respondeat Superior, Defendant is liable for the acts and omissions of its employees and management.

## DAMAGES

12. The injuries suffered by Plaintiff as a result of the incident in question have resulted in the following damages, to-wit:

   a. Doctor, hospital, prosthetic, and pharmaceutical bills incurred in the past and which are reasonably expected to be incurred in the future;

   b. Physical and mental pain and suffering, both past and future;

   c. Mental anguish, both past and future;

   d. Impairment in the past and future;

   e. Loss of wages and wage-earning capacity in the past, and Plaintiff reasonably expects to suffer a loss of wage-earning capacity in the future;

   f. Disfigurement in the past, as well as the future; and

   g. Loss of the enjoyment of life, past and future.

## JURY DEMAND

14. Plaintiff respectfully requests the Court to order a trial on the merits by jury, and files herewith the required jury fee.

## PRAYER

**WHEREFORE, PREMISIS CONSIDERED**, Plaintiff prays on final trial, the Honorable Court render judgment in favor of the Plaintiff and against the Defendant for the following:

   a. Damages, actual, special, and otherwise in an amount of over $1,000,000.00;

   b. all costs of Court and both pre-judgment and post-judgment interest at the maximum legal rate; and

   c. for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Gregory V. Gallagher*
**GREGORY V. GALLAGHER**
Texas Bar No. 24032336
ggallagher@galyen.com
**DANIEL P. SULLIVAN**
State Bar No. 24054465
dsullivan@galyen.com

**BAILEY & GALYEN, P.C.**
1300 Summit Ave., Suite 650
Fort Worth, Texas 76102
Tel: (817) 276-6000
Fax: (817) 276-6010
**ATTORNEYS FOR PLAINTIFF**